UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA OLIVER, ET AL                           CIVIL ACTION

VERSUS                                           NO: 05-3072

DAY & ZIMMERMAN, ET AL                           SECTION: "J"(3)

### ORDER AND REASONS

Before the Court is the **Motion for Reconsideration** filed by plaintiffs.  Rec. Doc. 20.  Defendant Day & Zimmerman opposes the motion.  The motion, set for hearing on December 21, 2005, is before the Court on briefs without oral argument.

In their motion, plaintiffs seek reconsideration of the Court's order entered on August 25, 2005, granting Day & Zimmerman's motion to dismiss the claims against it.

Plaintiffs allegedly sustained injuries as a result of a chemical spill at a refinery owned by co-defendant Chalmette Refinery, L.L.C.  On August 12, 2005, Day & Zimmerman filed a motion to dismiss, arguing that because five of the plaintiffs were employees of Day & Zimmerman who worked a security detail at

the Chalmette Refinery site, their remedies were limited to workers' compensation.  <u>See</u> La. R. S. 23:1032.  The sixth plaintiff, David Lee, Jr., was purchasing a sandwich in a shop across the street from the Chalmette Refinery at the time of the alleged chemical spill.  Day & Zimmerman contended that because the complaint does not contain any allegation that Day & Zimmerman had any role in the spill or that its acts or omissions caused the spill, Lee had no viable claim against Day & Zimmerman.

Opposition memoranda were due August 23, 2005.  No opposition was filed by plaintiffs' counsel, and the Court considered Day & Zimmerman's arguments and deemed its motion meritorious.  Accordingly, the Court granted the dismissal motion by order entered on August 25, 2005.  The docket sheet reflects that it was e-mailed to plaintiffs' counsel at his e-mail address of record on that date.

Following Hurricane Katrina, on October 11, 2005 the Court issued an order rescheduling many motions pending at the time of the storm for November 16, 2005.  By oversight, Day & Zimmerman's previously granted motion was listed in this order.  Several hours later on that same date, a separate order was entered noting that Day & Zimmerman's motion had already been decided and thus no hearing was necessary on November 16.  Both of these

orders were served on plaintiffs' counsel via e-mail, to the same e-mail address of record to which the original order granting the dismissal had been addressed.

On November 10, plaintiffs filed an opposition to Day & Zimmerman's original motion to dismiss.  Upon learning that no motion was pending, plaintiffs' counsel filed the instant Motion for Reconsideration.

The Court finds the Motion for Reconsideration should be denied, for several reasons.  First, plaintiffs' counsel has not offered any explanation or valid excuse for his failure to file a timely opposition in the first instance.  Second, the Court is skeptical of plaintiffs' counsel's claim that the only communication he received from the Court was the order containing the clerical error setting the motion for hearing on November 16; that order was sent to the same e-mail address as all the other orders which plaintiffs' counsel claims not to have received.  Third, even if the motion were set for November 16, plaintiffs' opposition filed on November 10 would have been two days late for that hearing date, and no excuse for that delay was offered.  Finally, the Court finds that plaintiffs' Motion to Reconsider is meritless.  The petition simply does not allege that Day & Zimmerman committed any intentional acts in connection with the alleged chemical spill that would bring this case under the

exception to the usual rule that employees' remedies are limited to Workers' Compensation, as set forth in Bazley v. Tortorich, 397 So. 2d 475 (La. 1981).  Plaintiffs' allegations against Day & Zimmerman amount to claims that Day & Zimmerman was negligent in assigning them to details in the Chalmette Refinery.  Moreover, for the same reasons previously articulated, David Lee has failed to state a claim against Day & Zimmerman.  Accordingly,

**IT IS ORDERED** that plaintiffs' **Motion for Reconsideration**, Rec. Doc. 20, should be and is hereby **DENIED**.

New Orleans, Louisiana, this __16th__ day of December, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE