```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PATRICIA OLIVER, ET AL                          CIVIL ACTION

VERSUS                                          NO: 05-3072

DAY & ZIMMERMANN, ET AL                         SECTION: "J"(3)
```

## ORDER AND REASONS

Before the Court is the **Motion for Partial Summary Judgment** filed by defendant Chalmette Refining, L.L.C.  Rec. Doc. 27.  Plaintiffs oppose the motion.  The motion, set for hearing on February 15, 2006, is before the Court on briefs without oral argument.

In its motion, Chalmette Refining seeks to dismiss the claims brought against it by plaintiffs Patricia Oliver, Verna Dunn, Howard K. Brooks, Mary Bonner, Tondra Simmons, Josette Marie Brown, Monica Maria Daliet, Nita O. Tyson, Jr., and Jerald Tynson, Jr., on the basis that Chalmette Refining was plaintiffs' statutory employer under Louisiana law, and is therefore immune to plaintiffs' tort claims.

## BACKGROUND

Chalmette Refining is engaged in the refining and marketing of petroleum products. Its operations include maintaining security to protect refinery personnel and property. To this end, it entered into a contract with Day & Zimmermann, under which Day & Zimmermann provided security guard services. The contract between them provides:

> [Chalmette Refining] (as principal employer) and [Day & Zimmermann] (as direct employer) agree to recognized [Chalmette Refining] as the statutory employer of employees of [Day & Zimmermann] and its Subcontractors while such employees are providing Services to [Chalmette Refining] under this Agreement.

Rec. Doc. 27, Exh. 1 to Exh. A, at p. 9, art. 14.

## DISCUSSION

The Louisiana Workers' Compensation Act, an employee may not sue his employer or any principal in tort. La.Rev.Stat. § 23:1032. Louisiana law further provides that:

> when any "principal". . . undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor," for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.

La.Rev.Stat. § 23:1061(A)(1).  The contractor's work is considered part of the principal's trade if it is "an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id.

A 1997 amendment to the statute provides that when a contract recognizes the existence of a statutory employer relationship, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." Id. at (A)(3).  The "presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."  Id.

As noted above, the contract between Chalmette Refining and Day & Zimmermann explicitly recognizes Chalmette Refining as the "statutory employer" of the Day & Zimmermann employees as contemplated by § 23:1061.  Accordingly, Chalmette Refining is entitled to a rebuttable presumption in favor of the existence of the statutory employer relationship, and plaintiffs may overcome the presumption only by demonstrating that their work was not an "integral part of or essential to the ability of" Chalmette Refining to generate its goods, products, or services.  Id.

Plaintiffs argue, in a conclusory fashion, that the security

3

functions performed by the Day & Zimmermann security guards are not necessary to Chalmette Refining's business.  However, while defendant has submitted the affidavit of John A. Landry, Security Supervisor for the refinery, averring that "the Day & Zimmermann employees perform the everyday security activities that are necessary to maintain safety at the refinery,"[1] and that the refinery "could not continue to operate and . . . refine petroleum products without these security activities," plaintiffs have done nothing beyond making their conclusory assertion to meet their burden of "showing that the work is not an integral part of or essential to" Chalmette Refining's work.  Id.  On this fact alone, the Court could find that the presumption has not been overcome and grant defendant's motion.

In addition, however (as defendant has pointed out in its reply memorandum), courts have frequently found that certain work which is ancillary to the statutory employer's operations is nevertheless essential to the ability of the statutory employer to perform its operations.  For example, the court in Johnson v. Tennessse Gas Pipeline Company found that the contractor's work of performing catering services onboard an oil and gas compressor facility was integral and essential to the statutory employer's

---

[1] Rec. Doc. 27, Exh. A.

4

ability to operate its oil and gas compressor facility.  99 F. Supp.2d 755 (E.D. La. 2000).  Similarly, in <u>Applegarth v. Transamerican Refining Corporation</u>, the contractor performed construction at a refinery and although the refinery was clearly not engaged in providing construction services, the construction work was necessary for the refinery to carry out its business of processing hydrocarbons.  781 So.2d 804 (La. App. 5th Cir.), <u>writ denied</u>, 792 So. 2d 738 (La. 2001).  The undersigned has no difficulty concluding that the provision of security services is indeed essential to Chalmette Refining's operations, especially considering that plaintiffs have come forward with no evidence to suggest it is not, which it is their burden to do.

On this record, the Court finds that the contract between Chalmette Refining and Day & Zimmermann unambiguously recognizes the existence of a statutory employer relationship, and plaintiffs have failed to overcome the presumption in favor of finding the statutory employer relationship or to establish the presence of a material fact issue as to the existence of the relationship.  Plaintiffs' exclusive remedy is therefore under the Workers' Compensation Act, which immunizes Chalmette Refining from tort liability, and Chalmette Refinery is thus entitled to partial summary judgment on plaintiffs' claims.  Accordingly,

**IT IS ORDERED** that the **Motion for Partial Summary Judgment**

filed by defendant Chalmette Refining, L.L.C. (Rec. Doc. 27), should be and is hereby **GRANTED,** and the claims against it brought by Patricia Oliver, Verna Dunn, Howard K. Brooks, Mary Bonner, Tondra Simmons, Josette Marie Brown, Monica Maria Daliet, Nita O. Tyson, Jr., and Jerald Tynson, Jr. are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this __22nd__ day of February, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE